## MERCY O. POWELL & another *vs.* JOSEPH JENNY.

If partition is decreed, upon a petition for partition, against the opposition of the respondent, the costs to be taxed against the latter, under Gen. Sts. c. 136, are limited to the costs accruing between the filing of the answer and the rendering of the verdict.

PETITION for partition. The respondent filed an answer, denying the petitioners' title, and claiming title in himself. The case was submitted to a jury at October term 1862, who returned a verdict in favor of the petitioners. Commissioners were thereupon appointed to make partition, and estimate the value of improvements claimed to have been made by the

respondent, in November 1864; and their report, made at February term 1865, was accepted at June term 1865. The clerk taxed full costs for the petitioners, from the commencement to the end of the case, including the fees of the commissioners and the warrant for partition; and, on appeal to the superior court, this taxation was revised by striking out the two items referred to, and in other respects affirmed. Both parties appealed to this court.

*C. G. Davis,* for the petitioners.

*E. Robinson,* for the respondent.

Colt, J. In proceedings for partition in the common law courts, by Gen. Sts. *c.* 136, § 44, the costs are to be taxed in the usual manner, and the whole paid by the petitioner, except the costs of a trial of issues. By § 45 it is provided that when partition is opposed by any respondent therein named, and it appears that the petitioner is entitled to have partition as prayed for, he shall recover costs against the party opposing, from and after the filing of the plea or answer, to be taxed as in other civil cases. The petitioners now claim that under this provision they are entitled to tax all the costs which accrued from the time of the filing of the answer of the respondent until the termination of the case. These sections are to be construed in connection with § 19, which provides that if upon trial of an issue it appears that the petitioner is entitled to have partition as prayed for, he shall recover his costs of such trial against the party who objected thereto, and shall have execution therefor. And we are of opinion that it was the intention to limit the claim of the petitioner, upon the party opposing, to such costs only as accrue from the time of the filing of the answer until the issue is disposed of by verdict of the jury or otherwise. In this case the principal part of the costs taxed was for items which accrued after the verdict of the jury in favor of the petitioners. It cannot be supposed, without a clearly expressed provision, that the legislature intended to impose costs upon a party who is virtually out of court, and after he has ceased opposition. All costs so imposed would be in the nature of a penalty upon him for failing to maintain the issue; and more or less heavy as the petitioner

might choose to keep the proceedings in court for a longer or shorter time. In this case it appears that, though the verdict of the jury was rendered against the respondent in October 1862, yet the warrant for partition was not taken out till November 1864. *Dudley* v. *Adams*, 5 Allen, 96.

It was contended that in this case the issue was not disposed of by the verdict of the jury, because the respondent claimed compensation for improvements under § 46; and the commissioners who were appointed to make partition were also appointed to estimate the value of such improvements. It does not appear by what authority this duty was devolved upon the commissioners. Such claims for improvements are to be tried and disposed of as provided for tenants in real actions, by Gen. Sts. *c.* 134, and by reference to those provisions it will be seen that this claim must be passed upon by the jury to which the main issue is submitted, unless the court on motion postpone the assessment of the sum due for improvements, in which case the assessment shall be made by the court or by another jury. It is probable that the parties assented to this arrangement; but if they did, it would not be in the power of the court to apportion the charges of the commissioners for the different services rendered by them, so as to vary the rule above stated.

The taxation of the superior court must therefore be revised in accordance with these views, so that such costs only may be allowed against the respondent as accrued between the time of filing the answer and the rendering of the verdict of the **jury** **upon** the issue made.